By the Court. Oakley, Ch. J.
The question has been *523 raised whether the provisions of the revised statutes, relative to monied corporations, are applicable to mutual insurance companies. It is very evident that some of those provisions do not" apply, because from their nature, they can only have reference to banks. But there are others which are applicable; and we do not see how we can except these insurance companies from the operation of a statute, which expressly embraces them, and some of whose provisions are applicable in their very nature to such companies.
The revised statutes in the title referred to, provide that in case of the insolvency of a monied corporation, no assignment, conveyance, or transfer of any of its effects, made when insolvent, or in contemplation of insolvency, with the intent of giving preference to any particular creditor or creditors of the corporation, shall be valid in law, and every person receiving, by means of such conveyance, assignment, &c. any of the effects of the company, shall be bound to account therefor to its creditors, stockholders, or their trustees, as the case shall require. The statute further provides, that every director who shall violate, or be concerned in violating this provision, shall be deemed guilty of a misdemeanor.
The object and spirit of this act is, undoubtedly, to secure an equal distribution of the effects of a monied corporation, among the creditors, in case of its insolvency. It is obvious, therefore, that in order to maintain the validity of the transfer of the note in suit to the plaintiff, his case must in some way be excepted from the force of the statute.
He relies upon a general understanding, made at the time of the loan to the company, with the president through whom the loan was effected, that he should be furnished at all times with adequate collateral security; and that, in accordance with this arrangement, the note in suit was subsequently transferred to him. But if such an understanding has an operative effect, it might extend to and cover all the assets of the company. We do not see how such an understanding, not carried into effect before the actual insolvency of the company, can overrule the statute. Nor can the arrangement with the receiver, which took place subsequent to the commencement of the suit, enable the *524 plaintiff to maintain this action. He must sue again, and the defendant can then present his claim for an offset, and have 'it determined.
Judgment for the defendant.